IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           No. 1:11-cr-10063-JDB-egb

BRYAN GOYER,

    Defendant.

---

ORDER DENYING DEFENDANT'S REQUEST
FOR RECONSIDERATION OF HIS SENTENCE

---

    Before the Court is Defendant, Bryan Goyer's, request for reconsideration of his sentence which the Court construes as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Defendant plead guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) & 924(a),(e) and on October 22, 2012 was sentenced to a term of 180 months imprisonment. (D.E. 51.) On October 30, 2012, Goyer timely appealed his sentence within the permitted fourteen-day filing period. See Fed. R. App. P. 4(b)(1)(A). Because Defendant timely appealed, this Court lacks jurisdiction to consider his motion for reconsideration. See United States v. Ortega-Lopez, 988 F.2d 70, 72 (9th Cir. 1993) ("The filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'") (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 401, 74 L. Ed. 2d 225 (1982); United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987) ("[E]ntry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal.").

Accordingly, as this Court has no jurisdiction over the issues related to Defendant's sentencing, his motion for reconsideration of his sentence is DENIED.

IT IS SO ORDERED this 30th day of January, 2013.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE